**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN SOLOMON,<br>c/o Bentley Media Group<br>1990 K Street, NW<br>Washington, DC 20006<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>200 Independence Avenue, SW<br>Washington, DC 20201<br><br>*Defendant.* | Civil Action No.: 24-572 |

**COMPLAINT**

1. The Plaintiff, John Solomon, brings this action against the United States Department of Health and Human Services (HHS) to compel compliance with the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*

3. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. The Plaintiff, John Solomon, is an award-winning investigative journalist, author, and digital media entrepreneur who serves as Chief Executive Officer and Editor in Chief of *Just the News*, https://justthenews.com. Mr. Solomon has reported for *The Associated Press*, *The Washington Post*, *The Washington Times*, *Newsweek*, *The Daily Beast*, and *The Hill*.

5. The Defendant, HHS, is an agency under 5 U.S.C. § 552(f), with its headquarters at 200 Independence Avenue, SW, Washington, DC 20201.

6. The Defendant has possession, custody, and control of the requested records.

## BACKGROUND

7. The Vaccine Adverse Event Reporting System (VAERS) "is a national early warning system to detect possible safety problems in U.S.-licensed vaccines." *About VAERS*, DEPT. OF HEALTH AND HUM. SERVS., https://vaers.hhs.gov/about.html.

8. "VAERS is co-managed by the Centers for Disease Control and Prevention (CDC) and the U.S. Food and Drug Administration (FDA)." *Id.*

9. "VAERS accepts and analyzes reports of adverse events (possible side effects) after a person has received a vaccination." *Id.*

10. According to HHS, VAERS "is especially useful for detecting unusual or unexpected patterns of adverse event reporting that might indicate a possible safety problem with a vaccine." *Id.*

11. Reportedly, "in stark contrast to the US government's handling of adverse reaction reports on drugs and devices, the publicly accessible VAERS database on vaccines includes only initial reports, while case updates and corrections are kept on a separate, back end system." Jennifer Block, *Is the US's Vaccine Adverse Event Reporting System Broken?*, 2023 BMJ 383, 2582 (available at https://www.bmj.com/content/383/bmj.p2582).

12. Narayan Nair, the FDA division director who oversees VAERS, acknowledged that there are "two parts to VAERS, the front-end system and the back end." *Id.*

13. The public-facing database contains only initial reports, while the private, back-end system contains all updates and corrections—such as a formal diagnosis, recovery, or death. *Id.*

14. For example, the public VAERS database reportedly did not include an autopsy examiner's conclusion that the death of a 15-year-old boy was caused by "stress cardiomyopathy following [his] second dose of the Pfizer-BioNTech covid-19 vaccine." *Id.*

15. On February 12, 2024, the *Vaccine* journal published a multinational Global Vaccine Data Network cohort study of 99 million vaccinated individuals "confirm[ed] findings of previously identified rare cases of myocarditis and pericarditis following first and second doses of mRNA vaccines." K. Faksova et al., *COVID-19 Vaccines and Adverse Events of Special Interest*, VACCINE, https://doi.org/10.1016/j.vaccine.2024.01.100; *see also* Jason Gale, *Largest Covid*

*Vaccine Study Yet Finds Links to Health Conditions*, BLOOMBERG (Feb. 19, 2024), http://tinyurl.com/yc74x6rt.

16. Ralph Edwards, who was recently editor-in-chief of the *International Journal of Risk & Safety in Medicine*, stated that VAERS is unlikely to capture long-term adverse outcomes unless reports are regularly updated and reviewers are closely following such cases. Jennifer Block, *supra*.

17. Despite the vaccines' potential for long-term adverse outcomes, one participant in a group of physicians and advocates who have met multiple times to express their concerns about VAERS with FDA officials—including Narayan Nair—warned that most doctors were "only willing to talk about the FDA-recognized vaccine adverse events." *Id.*

**FDA FOIA REQUEST**

18. On January 2, 2024, Mr. Solomon submitted a FOIA request to the FDA, an Operating Division of HHS under 45 C.F.R. § 5.3, seeking "all records of updates and corrections relating to COVID-19 Vaccinations—such as formal diagnoses, recovery, or death—that are collected after the initial reports to the Vaccine Adverse Event Reporting System (VAERS), but that are not published in the public VAERS database." Ex. 1.

19. The request sought a fee waiver and expedited processing. *Id.*

20. On January 3, 2024, Mr. Solomon received an acknowledgment letter from the FDA, designating the request with "FOIA Control #: 2024-54." Ex. 2.

21. In its letter, the FDA did not make a determination regarding Mr. Solomon's request for expedited processing. *Id.*

22. As of the date of this filing, Mr. Solomon has no further updates or communications from the Defendant about this request.

**CDC FOIA REQUEST**

23. On January 2, 2024, Mr. Solomon submitted a FOIA request to the CDC, an Operating Division of HHS under 45 C.F.R. § 5.3, seeking "all records of updates and corrections relating to COVID-19 Vaccinations—such as formal diagnoses, recovery, or death—that are collected after the initial reports to the Vaccine Adverse Event Reporting System (VAERS), but that are not published in the public VAERS database." Ex. 3.

24. The request sought a fee waiver and expedited processing. *Id.*

25. On January 3, 2024, Mr. Solomon received an acknowledgment letter from the CDC, designating the request with "assigned number … 24-00444-FOIA." Ex. 4 at 9.

26. Notwithstanding the intense public scrutiny paid to the information underlying Mr. Solomon's FOIA request, the CDC denied Mr. Solomon's request for expedited processing because it "failed to show that there is an imminent threat to the life or physical safety of an individual." *Id.*

27. On January 18, 2024, Mr. Solomon, through counsel, appealed the CDC's denial of his request for expedited processing. *Id.* at 1.

28. On January 19, 2024, HHS acknowledged Mr. Solomon's appeal, designating the appeal "Case No. 2024-00087-A-PHS." Ex. 5.

29. On February 8, 2024, HHS sent a letter stating that the CDC had determined that Mr. Solomon's FOIA request "fell under the jurisdiction of the [FDA]" and "referred Mr. Solomon's initial request to FDA and administratively closed the initial request." *Id.*

30. HHS further stated that, "[b]ecause the initial request underlying [the] appeal has been administratively closed and referred to FDA, Mr. Solomon's request for expedited processing by CDC/ATSDR is moot. Accordingly, [the] appeal is also moot, and it is hereby administratively closed." *Id.*

31. As of the date of this filing, Mr. Solomon has no further updates or communications from the Defendant about this request.

**COUNT I**

**Violation of the FOIA, 5 U.S.C. § 552**

32. The Plaintiff repeats paragraphs 1–31.

33. The Defendant, HHS, is an agency of the federal government within the meaning of 5 U.S.C. § 552(f).

34. The Plaintiff properly requested from the FDA and the CDC—Operating Divisions of HHS under 45 C.F.R. § 5.3—records within the Defendant's possession, custody, and control.

35. The Defendant failed to conduct searches for responsive records.

36. The Defendant has failed to respond to the Plaintiff's requests within the statutory time period. *See* 5 U.S.C. § 552(a)(6).

37. Accordingly, the Plaintiff has exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C).

38. Additionally, each request demonstrated that expedited processing was appropriate under HHS's regulations. *See* 45 C.F.R. § 5.27.

39. Yet, the Defendant failed to comply with FOIA or with its own regulations when it denied or failed to make a determination granting these requests for expedited processing.

40. Accordingly, by denying or failing to make a determination granting the Plaintiff's requests for expedited processing and by failing to release any responsive, non-exempt records, or otherwise offer a reasonable schedule for production, the Defendant has violated FOIA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

i. Declare that the Defendant unlawfully denied the Plaintiff's requests for expedited processing;

ii. Declare that the records sought by the Plaintiff's requests must be disclosed pursuant to 5 U.S.C. § 552;

iii. Order the Defendant to search immediately, demonstrating search methods reasonably likely to lead to the discovery of responsive records;

iv. Order the Defendant to produce by a date certain all non-exempt records responsive to the Plaintiff's FOIA requests, accompanied by a Vaughn index of any responsive records or portions of responsive records being withheld under a claim of exemption;

v. Order the Defendant to grant Plaintiff's requests for fee waivers;

vi. Award the Plaintiff's attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

vii. Grant the Plaintiff such other and further relief as this Court deems proper.

Date: February 29, 2024

Respectfully Submitted

/s/ Michael Ding
Daniel Z. Epstein (D.C. Bar No. 1009132)
Michael Ding (DC Bar No. 1027252)
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Avenue SE #231
Washington, D.C. 20003
Tel: (202) 964-3721
E-mail: michael.ding@aflegal.org

*Counsel for the Plaintiff*